IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAITLIN FRANSELLA NEATHERY, <br><br> Plaintiff, <br><br> -against- <br><br> LUCKY 13 RECOVERY INC, SOUTHGATE FINANCIAL SERVICES, INC. and GMV, INC. d/b/a JD BYRIDER, <br><br> Defendants. | Civil Case Number: <br><br><br> **CIVIL ACTION** <br> **COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff CAITLIN FRANSELLA NEATHERY (hereinafter, "Plaintiff"), a Massachusetts resident, brings this complaint by and through the undersigned attorneys, Rights Protection Law Group, PLLC and Marcus & Zelman, against Defendant LUCKY 13 RECOVERY INC, SOUTHGATE FINANCIAL SERVICES, INC. and GMV, Inc. d/b/a JD BYRIDER (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally repossessed her vehicle from the Plaintiff's driveway without the Plaintiff's consent, thereby violating Massachusetts General Laws 255B, § 20B.  Plaintiff also brings a claim against Lucky 13 Recovery, Inc. for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act,

1

codified at 15 U.S.C. § 1692.  Finally, Plaintiff sues JD Byrider and Southgate Financial Services for predatorily selling her a dangerous vehicle with open recalls and defective airbags, amongst many other undisclosed issues.

4. Plaintiff is seeking statutory damages, actual damages, punitive damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff is a natural person and a resident of Attleboro, Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant Lucky 13 Recovery Inc., (hereinafter referred to as "Lucky 13"), is a repossession company, with its principal place of business in Auburn, Massachusetts.

7. Upon information and belief, Defendant Lucky 13 is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. Defendant Lucky 13 is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

9. Defendant GMV, Inc. is a car dealership based in Attleboro, Massachusetts, which does business as J.D. Byrider (hereinafter referred to as "J.D. Byrider").

10. Defendant Southgate Financial Services, Inc., (hereinafter referred to as "Southgate"), is an auto finance lending company based in South Attleboro, Massachusetts, to whom J.D. Byrider assigned the Plaintiff's auto loan.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. The Plaintiff owns a 2010 Nissan Versa, which was financed with a loan through J.D. Byrider.

15. The Plaintiff purchased and used the Nissan Versa for her personal use and enjoyment.

16. The J.D. Byrider loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

17. From when the Plaintiff purchased the vehicle, she had nonstop issues with the vehicle, with engine lights on constantly and constant repairs required, which JD Byrider never disclosed to her when she was purchasing the vehicle.

18. Moreover, when the vehicle was sold to Plaintiff, it had unresolved open recalls including, most worrisome, a recall due to the airbag's inflator having the tendency to explode and thereby propel sharp metal fragments into the driver or other occupants of the vehicle.

19. JD Byrider never disclosed any of these issues to the Plaintiff, instead assuring Plaintiff that the vehicle was safe, fit for its purpose, and that it had passed JD Byrider's thorough and detailed multi-point inspection program.

20. At some point after the loan was issued, the loan was then assigned to Southgate.

21. Sometime prior to February 7, 2022, the Plaintiff fell behind on her obligation to Southgate/J.D. Byrider.

22. As a result, Southgate and J.D. Byrider contracted with Lucky 13 to repossess the Plaintiff's vehicle.

11. At approximately 9:10 p.m. on February 7, 2022, the Defendants illegally entered into the Plaintiff's private driveway, in order to repossess the Plaintiff's vehicle.

12. Plaintiff never consented to the Defendants' entry upon her private property, and the Defendants thereby trespassed by unlawfully entering Plaintiff's property.

13. After the repossession, the Plaintiff called the Defendants to try to pay what she owed on

3

the vehicle so that she could redeem the vehicle.

14. However, the Defendants refused to let the Plaintiff pick up or redeem her vehicle unless she could prove that she had full-time employment of 35-40 hours per week.

15. The Defendants representative then mocked the Plaintiff and questioned whether she was even mentally fit to drive a vehicle.

16. Due to the Defendants' actions, the Plaintiff has been prevented from redeeming her vehicle.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against Lucky 13)**

23. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

24. Plaintiff brings this Count against Defendant Lucky 13.

25. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

26. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)   there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)   the property is exempt by law from such dispossession or disablement.

27. Defendants never sent the Plaintiff any pre-repossession notices, as required by Massachusetts law prior to repossessing a vehicle.

28. Furthermore, at the time of the repossession, the Plaintiff's vehicle was parked on her private property – her driveway – during the time that the Defendants unlawfully repossessed her vehicle.

29. To repossess the Plaintiff's vehicle, the Defendants trespassed on the Plaintiff's private property without the Plaintiff's consent, in violation of Massachusetts General Laws 255B, § 20B's which only allows repossessions that can be accomplished without entry on property owned by or rented to the debtor, unless the debtor consents to an entry, at the time of such entry.

30. Plaintiff never consented to the Defendants' entry upon her property to repossess his vehicle.

31. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle while it was on Plaintiff's property and prior to providing her with the required notices, and was prohibited from repossessing it.

32. Moreover, while the Plaintiff's vehicle was on the Plaintiff's property and without Plaintiff first being provided with the requisite pre-repossession notices, Plaintiff's vehicle was clearly exempt from repossession or disablement.

33. As a result, the Defendants violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle on February 7, 2022.

34. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in trespassing on the Plaintiff's property, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

35. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by depriving the Plaintiff of her property.

36. By reason thereof, Defendants Lucky 13 is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL TRESPASSORY REPOSSESSION
### M.G.L. c. 255B, § 20B *et seq.*
### (Against All Defendants)

37. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Plaintiff brings this Count against Defendants Lucky 13, Southgate and J.D. Byrider.

39. Massachusetts law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves entry onto property owned or rented by the debtor without the debtor's consent at the time of entry. M.G.L. c. 255B, § 20B.

40. On or about February 7, 2022, Lucky 13 repossessed the vehicle on behalf of Southgate and J.D. Byrider by entering the Plaintiff's private driveway to repossess the Plaintiff's vehicle without Plaintiff's consent or judicial authorization.

41. Failure to comply with lawful repossession procedures provided by G.L. c. 255B § 20B bars collection of any deficiency. *See,* G.L. c. 255B §§ 20B(e)(1), 22; see also Queenan, *The New Consumer Repossession Law*, 58 Mass. L. Q. 412, 417 418 (1973).

42. As a direct and proximate result of the Defendants' trespassory repossession, Plaintiff suffered damages including the loss of use of the vehicle and the loss of the right to pre

and post repossession judicial process, as well as mental and emotional harm including frustration and embarrassment and damage to the Plaintiff's property.

## COUNT III

**BREACH OF THE PEACE REPOSSESSION**
**M.G.L. c. 106, § 9-609** *et seq.*
**(Against All Defendants)**

43. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

44. Massachusetts only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. M.G.L. c. 255B, § 20B(a), see also c. 106, § 9 609(b).

45. Defendants breached the peace when it repossessed the Plaintiff's vehicle by illegally trespassing on the Plaintiff's private property.

46. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Doucette v. Belmont Savings Bank*, 34 Mass. L. Rptr. 183 (Mass. Super. April 14, 2017). As such, Lucky 13's breach of the peace is imputed upon ARS and Santander Bank.

47. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiff suffered damages including damage to her property, the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

## COUNT IV

### VIOLATIONS OF THE MASSACHUSETTS COMMERCIAL CODE
### M.G.L. c. 106, § 9-101 *et seq.*
### (Against Southgate and J.D. Byrider)

48. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

49. Massachusetts law imposes duties on lenders who receive or retain security interests in personal property and conduct private repossessions of that property without first obtaining writ of replevin or other appropriate court order.

50. G.L. c. 255B § 20A provides that "after a default by a buyer under a consumer credit transaction, the secured creditor may not bring an action against the buyer or proceed against the collateral until he gives the buyer the notice described in this section."

51. G.L. c. 255B § 20B then provides that "the buyer under a secured consumer credit transaction may redeem the collateral from the holder at any time within twenty days of the creditor's taking possession of the collateral, or thereafter until the creditor has either disposed of the collateral, entered into a contract for its disposition, or gained the right to retain the collateral in satisfaction of the buyer's obligation."

52. In furtherance of this right, after repossessing the Plaintiff's vehicle and before selling them, Defendants had the duty to comply with the notice provisions of M. G. L. c. 106 § 9-614.

53. Pursuant to M. G. L. c. 106 § 9-614(1), in a consumer-goods transaction, a post-repossession, pre-sale notification must provide the following information;

    a. The information specified in Section 9-613(1);

    b. A description of any liability for a deficiency of the person to which the notification is sent;

    c. A telephone number from which the amount that must be paid to the secured party to redeem the collateral under Section 9-623 is available;

    d. A telephone number or mailing address from which additional information concerning the disposition and the obligation secured is available.

54. Section 9-614 incorporates a list of information in Section 9-613(1), which states that a notice must:

    a. Describe the debtor and the secured party;

    b. Describe the collateral that is the subject of the intended disposition;

    c. State the method of intended disposition;

    d. State that the debtor is entitled to an accounting of the unpaid indebtedness and state the charge, if any, for an accounting; and

    e. State the time and place of a public disposition or the time after which any other disposition is to be made.

55. Defendants failed to comply with Article 9 by failing to provide any such notices or opportunity to cure her default or redeem her vehicle, giving rise to a claim for minimum and statutory damages as provided by the statute.

56. Defendants never provided the Plaintiff with any notice prior to repossessing her vehicle.

57. Defendants never provided the Plaintiff with any notice after repossessing her vehicle.

58. Moreover, Defendants did not permit the Plaintiff to redeem her vehicle when she called the day after the repossession to pay and redeem it, instead demanding that the Plaintiff prove she had full time employment and mocking the Plaintiff by questioning her ability

to drive.

59. As a direct and proximate violation of Massachusetts law and the UCC, Plaintiff suffered damages including damage to her property, the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

60. Pursuant to M.G.L. c. 106, §9-625, Plaintiff is therefore entitled to her actual damages and an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price, and the costs of this action.

## COUNT V

### UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE
### M.G.L. c. 93A, § 9, *et seq.*
### (Against All Defendants)

61. Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

62. At all relevant times, the Defendants were engaged in trade or commerce.

63. The Defendants unfairly and deceptively directly or indirectly collected on the Plaintiff's loan with Southgate and J.D. Byrider via non judicial repossession of the vehicle without a present right to possession and in violation of chapter 255B § 20B. M.G.L. c. 255B, § 6, 940 Code Mass. Regs. § 7.07(18)(a), see also M.G.L. c. 93, § 49.

64. Moreover, Defendants JD Byrider sold the Plaintiff a vehicle which was unsafe and not fit for the road, taking advantage of the Plaintiff's naivete by selling her a car containing a host of undisclosed issues and a dangerous and unrepaired vehicle with an open airbag

recall.

65. More than thirty days before this lawsuit was filed a demand letter was mailed to Southgate, Lucky 13 and J.D. Byrider, setting forth Plaintiff's claim under General Laws c. 93A.

## COUNT VI

### FRAUD OR DECEIT IN THE SALE OF GOODS (M.G.L. C. 231, § 85J)
### (As Against Defendant JD Byrider)

66. The allegations in the preceding paragraphs are incorporated herein as if fully set forth.

67. On May 17, 2019, Defendant JD Byrider sold the Plaintiff a 2010 Nissan Versa, representing to Plaintiff prior to the sale that the vehicle she was getting would be safe for her use and intended purpose and was in good working order.

68. JD Byrider further made representations about the extensive multi-point inspection process it puts its vehicles through, in order to make the Plaintiff believe that the vehicle was safe and in good working order.

69. Defendant knew, or through a modicum of diligence could have discovered, that its representations about the vehicle's condition were false.

70. Defendant's misrepresentations about the vehicle's safety and condition were made with the intent to induce the Plaintiff into purchasing the vehicle.

71. The Plaintiff was reasonably induced to the vehicle purchase by Defendant's misrepresentations.

72. The Plaintiff would not have purchased this vehicle if she had known that the vehicle was unsafe, was not in good working condition and that it was under recall because of the dangerous defect with its airbags.

73. As direct and proximate result of Defendant's misrepresentations, Plaintiff was deprived of the benefit of the bargained purchase.

74. More than thirty days before this lawsuit was filed, Plaintiff sent Defendant, via certified mail, a written demand for redress from Defendants for violation of her consumer rights.

75. Defendant has in bad faith refused to make any written tender of settlement to Plaintiff.

## DEMAND FOR TRIAL BY JURY

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding Plaintiff her actual damages incurred;

(b) Tripling of actual damages pursuant to M.G.L. c. 93A, § 9;

(c) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 19, 2022                By: /s/ Kevin Crick
                                   Kevin Crick, Esq.
                                   BBO:  680950
                                   Rights Protection Law Group, PLLC
                                   100 Cambridge St., Suite 1400
                                   Boston, MA 02114
                                   Phone: (617) 340-9225
                                   Fax: (888) 622-3715
                                   k.crick@rightsprotect.com
                                   *Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice To Be Filed**